# EXHIBIT B



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 28269166**
**Date Processed: 01/03/2024**

| | |
|---|---|
| **Primary Contact:** | Marc P. Clements<br>Jarden Corporation<br>3600 North Hyrdaulic Street<br>Wichita, KS 67219-3812 |

| | |
|---|---|
| **Entity:** | Newell Brands Inc.<br>Entity ID Number  0100757 |
| **Entity Served:** | Newell Brands Inc. |
| **Title of Action:** | Jennifer Endres vs. Newell Brands Inc. |
| **Matter Name/ID:** | Jennifer Endres vs. Newell Brands Inc. (14840305) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 23STCV31907 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/03/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Stevens LC<br>213-270-1211 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEWELL BRANDS INC. a Delaware Corporation doing business in California; THE YANKEE CANDLE COMPANY, INC. a Delaware Corporation doing business in California; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER ENDRES, individually and on behalf of all others similarly situated

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/29/2023 4:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* STANLEY MOSK / CENTRAL<br><br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>23STCV31907 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul D. Stevens, Stevens, LC 1855 Industrial Street #518 Los Angeles CA 90021 (213) 270-1215

| DATE: 12/29/2023<br>*(Fecha)* | Clerk, by David W. Slayton, Executive Officer/Clerk of Court , Deputy<br>*(Secretario)* J. Nunez *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NEWELL BRANDS INC. a Delaware Corporation doing business in California
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ]     [ Clear this form ]

1  Paul D. Stevens (Cal. Bar. No. 207107)
   pstevens@stevenslc.com
2  Lauren A. Bochurberg (Cal. Bar. No. 333629)
   lbochurberg@stevenslc.com
3  **STEVENS, LC**
   1855 Industrial Street, Suite 518
4  Los Angeles, California 90021
   Tel: (213) 270-1211
5  Fax: (213) 270-1223

6  *Attorneys for Plaintiff and the Proposed Class*

7

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**12/29/2023 4:11 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By J. Nunez, Deputy Clerk**

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES**

10

11  JENNIFER ENDRES, individually and on
    behalf of all others similarly situated,

12                 Plaintiffs,

13            vs.

14

15  NEWELL BRANDS INC. a Delaware
    Corporation doing business in California; THE
16  YANKEE CANDLE COMPANY, INC. a
    Delaware Corporation doing business in
17  California; and DOES 1 through 10, inclusive,

18                 Defendants.

19

20

21

22

23

24

25

26

27

28

23STCV31907

CLASS ACTION COMPLAINT

1.  FALSE AND MISLEADING
    ADVERTISING IN VIOLATION OF
    BUSINESS AND PROFESSIONS CODE
    § 17200, *et seq.*
2.  FALSE AND MISLEADING
    ADVERTISING IN VIOLATION OF
    BUSINESS AND PROFESSIONS CODE
    § 17500, *et seq.*
3.  VIOLATION OF CALIFORNIA CIVIL
    CODE § 1750, *et seq.* (Consumers Legal
    Remedies Act)
4.  UNJUST ENRICHMENT

DEMAND FOR JURY TRIAL

Plaintiff Jennifer Endres (hereinafter "Plaintiff"), individually and on behalf of herself and others similarly situated (hereinafter "the Class" or "Class Members"), alleges the following:

## I.  NATURE OF THE ACTION AND STATEMENT OF FACTS

1.      This is an important consumer protection class action that implicates multiple health and safety concerns that reasonable consumers would find material - the existence of organic fluorine in candle products produced and sold by Defendants Newell Brands Inc. and The Yankee Candle Company, Inc. (collectively referred to hereafter as "Defendants") under the brand names "Yankee Candle" and "Chesapeake Bay Candle".

2.      Defendants are manufacturers, distributors, and marketers of a variety of scented candle and home fragrance products. The Products at issue are Defendants' Yankee Candle product line and Chesapeake Bay Candle product line (the "Products").

3.      Defendants offer the Products for sale through various channels, including directly on Defendants' websites and through third party retail outlets and internet websites such as Amazon, Target, Walmart, Kohl's, and CVS Pharmacy.

4.      Through Defendants' marketing and advertising campaign, Defendants were able to sell the Products to thousands of consumers throughout California and the rest of the United States. The Products are sold individually for prices averaging $30.00.

5.      Currently, there is significant public health concern about the materials and chemicals used in candles.  Among the concerns are:

    a.  Scented candles release various volatile organic compounds and toxic compounds before lighting and when lit.[1]

    b.  Burning candles contribute to air pollution, which can cause respiratory issues.[2]

    c.  Burning candles containing per- and polyfluoroalkyl substances, a class of chemicals known as "PFAS" contribute to environmental contamination.[3]

---

[1] https://pubmed.ncbi.nlm.nih.gov/25588193/
[2] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC9832800/
[3] https://www.ewg.org/news-insights/news-release/study-disposal-pfas-waste-increases-contamination

CLASS ACTION COMPLAINT

d. Since PFAS exposure can occur through inhalation of PFAS-contaminated air, candle products present significant build-up health risk over time as people and animals are repeatedly exposed to them.[4]

6. The Products at issue contain, among other things, PFAS as measured in total organic fluorine.

7. According to the CDC, PFAS are a group of over 9,000 synthetic chemicals that have been used in industry and consumer products, worldwide, for over 70 years.[5]

8. "PFAS," are highly toxic and highly persistent in the environment. See Cal Health & Safety Code § 108981(a).

9. PFAS are referred to as "forever chemicals" because they are extremely resistant to degradation in the natural environment, including the water, the soil, the air, and our bodies, because of their carbon-fluorine bond, one of the strongest bonds known in nature. See Cal Health & Safety Code § 108981(b).

10. PFAS have been linked by scientific, peer-reviewed research to severe health problems, including breast and other cancers, hormone disruption, kidney and liver damage, thyroid disease, developmental harm, and immune system disruption, including interference with vaccines. See Cal Health & Safety Code § 108981(c).

11. The California legislature has specifically declared and codified, under California Health & Safety Code § 108981(c), that "PFAS have been linked by scientific, peer-reviewed research to severe health problems, including breast and other cancers, hormone disruption, kidney and liver damage, thyroid disease, developmental harm, and immune system disruption, including interference with vaccines".

12. The U.S. Centers for Disease Control and Prevention (CDC) outlines several health effects associated with PFAS exposure, including cancer, liver damage, decreased fertility,

---

[4]https://www.niehs.nih.gov/health/topics/agents/pfc/index.cfm#:~:text=People%20are%20most%20likely%20exposed,can%20build%20up%20over%20time.
[5] https://www.cdc.gov/niosh/topics/pfas/default.html

3

1    increased risk of asthma and thyroid disease.[6]  Other studies have associated exposure to PFAS with

2    increased pregnancy losses, disruption in sex hormone homeo-statis and sexual maturation.[7]

3         13.    Because of the widespread use of PFAS, they can be found in water, air, fish, and soil

4    at locations across the nation and the globe. Due to this widespread use, the federal Centers for

5    Disease Control and Prevention's National Health and Nutrition Examination Survey (NHANES)

6    found PFAS in the blood of 97 percent of Americans, suggesting virtually ubiquitous exposure of

7    Californians to these highly toxic chemicals. This widespread use has also resulted in broad PFAS

8    dispersal in indoor and outdoor environments, including the PFAS contamination of the drinking

9    water of approximately 16 million Californians, particularly in disadvantaged communities, of

10   breast milk, and of indoor and outdoor air. See Cal Health & Safety Code § 108981(e).

11        14.    Because PFAS chemicals are "forever chemicals" and accumulate in the human body,

12   there is no safe manner or level of exposure to humans.

13        15.    Under the California Health & Safety Code, the presence of PFAS in a product is

14   measured in total organic fluorine and the presence of one fully fluorinated carbon atom. See Cal.

15   Health & Safety Code § 108970(e) and § 108982(b).

16        16.    Leading science has also directed that identification of organic fluorine in industry

17   and consumer products has also recently emerged as an indicator that encompasses the total content

18   of both known and unknown types of PFAS, unlike traditional targeted analyses that can reliably

19   quantify only a few dozen known PFAS that have commercially available analytical standards."[8]

20        17.    Plaintiff sought independent third-party testing to determine whether the Products

21   contained organic fluorine. Plaintiff's independent testing was conducted in accordance with

22   accepted industry standards for detecting the presence of organic fluorine. The testing commissioned

23   by Plaintiff confirmed the existence of at least one fully fluorinated carbon atom and organic fluorine

24

---

25   [6] https://www.atsdr.cdc.gov/pfas/health-effects/index.html; see also https://www.hsph.harvard.edu/news/hsph-in-the-news/pfas-health-risks-
26   underestimated/#:~:text=A%20recent%20review%20from%20the,of%20asthma%20and%20thyroid%20disease.
     [7] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2679623/
27   [8] Anna S. Young, Heidi M. Pickard, Elsie M. Sunderland, and Joseph G. Allen; "Organic Fluorine as an Indicator of Per- and Polyfluoroalkyl Substances in Dust from Buildings with Healthier versus Conventional Materials" *Environmental Science & Technology*. November 4, 2022.
28

4

CLASS ACTION COMPLAINT

in the Yankee Candle product at the level of 40 ppm, and in the Chesapeake Bay Candle at the level of 112 ppm.

18.     The existence of organic fluorine in the Products implicates health and safety concerns that a reasonable consumer would find material.

19.     Defendants' marketing and packaging omit and do not disclose the existence of organic fluorine in the Products.

20.     Defendants knew, or should have known, of the existence of PFAS or organic fluorine in the Products.

21.     Defendants have exclusive knowledge of the materials, ingredients and chemicals in the Products.

22.     Consumers lack the expertise to ascertain the existence of the true materials, chemicals and or ingredients including but not limited to organic fluoride in the Products prior to purchase.

23.     Reasonable consumers must, and do rely on, Defendants to advise of materials, chemicals and or ingredients in the Products that may potentially affect the health and or safety of consumers.

24.     In reliance on Defendants' omissions and non-disclosures of the presence of organic fluorine and or PFAS in the Products, Plaintiff purchased Products she would not have purchased. Had Plaintiff and the Class Member known the true nature of the Products, they would not have purchased the Products, or would not have paid as much for them.

25.     As such, Defendants have engaged in conduct which violates the California Consumers Legal Remedies Act ("CLRA"), particularly California Civil Code §§ 1770(a)(5), Business & Professions Code § 17200, *et seq.*, Business & Professions Code § 17500, *et seq.* and Civil Code § 1750, *et seq.*

26.     On November 13, 2023, Defendants were served by Plaintiff with written notices pursuant to Civil Code § 1750, *et seq.*, which set forth Plaintiff's contentions and requested remedy. Plaintiff's letter was sent via certified mail with electronic return receipt to Defendants who acknowledged receipt.  Defendants did not respond to Plaintiff's notices.

27.     Wherefore, Plaintiff, the Class and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this court, the non-disclosure of material information that implicates health and safety concerns that a reasonable consumer would find material will continue and cause great and irreparable injury to Plaintiff, the Class members and other California consumers.

28.     Therefore, Plaintiff brings this action challenging Defendants' claims relating to the Products on behalf of herself and all others similarly situated under California's Consumers Legal Remedies Act, particularly California Civil Code §§ 1770(a)(5), Business & Professions Code § 17200, et seq., Business & Professions Code § 17500, et seq. and Civil Code § 1750, et seq.

29.     Wherefore, Plaintiff seeks in equity an order compelling Defendants to discontinue the conduct alleged herein and provide adequate disclosures and or warnings of the existence of organic fluorine in the Products.

30.     Plaintiff further seeks an order compelling Defendants to restore the monetary amounts by which Plaintiff and the Class did not receive the value of the Product(s) they paid for, and which Defendants have been unjustly enriched.

31.     Plaintiff further seeks actual and punitive damages, pre- and post-judgment interest, attorneys' fees, and costs.

## II. THE PARTIES

**A.     Defendant**

32.     Defendant The Yankee Candle Company, Inc. ("Yankee") is a Delaware Corporation registered in the State of California and is now and at all times herein mentioned was engaged in business under the fictitious names "Yankee Candle" and "Chesapeake Bay Candle".

33.     Defendant Newell Brands, Inc. ("Newell") is a Delaware Corporation registered in the State of California.   Newell Brands Inc. is the parent Corporation to The Yankee Candle Company, Inc. and is now and at all times herein mentioned was engaged in business under the fictitious names "Yankee Candle" and "Chesapeake Bay Candle".

CLASS ACTION COMPLAINT

34.     Defendants are the owners and distributors of the "Yankee Candle" brand and products and "Chesapeake Bay Candle" brand and products (collectively the "Products") and are the companies that jointly created and/or authorized the omissions and false, misleading, and deceptive marketing for the Products alleged herein.

35.     Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.   The true names and capacities, whether individual, corporate, associate or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sue these Defendants by fictitious names.  Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles.

**B.     Plaintiff**

36.     Plaintiff Jennifer Endres ("Plaintiff") is an individual residing in Los Angeles County, California.

37.     Plaintiff purchased the Yankee Candle in Sparkling Cinnamon and Chesapeake Bay Candle in Balance+Harmony Water Lily Pear.  Plaintiff purchased the Products from a Target store within the past seven (7) months of the filing of this Complaint.

**III.     JURISDICTION AND VENUE**

38.     This Court has personal jurisdiction over Plaintiff because Plaintiff resides in Los Angeles County, California and submits to the Court's jurisdiction.

39.     Defendant Yankee directly and through its agents, has substantial contacts with and receives substantial benefits and income from sales of the Products from and through the State of California.

40.     Defendant Newell directly and through its agents, has substantial contacts with and receives substantial benefits and income from sales of the Products from and through the State of California.

CLASS ACTION COMPLAINT

41.     Venue is proper in this District because Defendants have substantial contacts with and are doing business in Los Angeles County and receive substantial benefits and income from sales of the Products from and through Los Angeles County.

## IV.    CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.   The Class which Plaintiff seeks to represent comprises:

> All persons who purchased the Products in the State of California during the time period of four (4) years preceding the date of the filing of this class action through the present.

> (Referred to herein as "the Class" or "Class Members)

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

43.     Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.

44.     Commonality and Predominance of Common Issues: Defendants have acted on grounds common and applicable to the entire Class and therefore, numerous questions of law and fact are common to Plaintiff and the Class Members that predominate over any question affecting only individual Class Members thereby making relief appropriate with respect to the Class as a whole. Common and predominate factual and legal issues include but are not limited to:

a.   All respective Products are labeled and packaged the same.  Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging.

b.   The omissions and non-disclosures made by Defendants and to which Plaintiff and the Class were exposed was the same and therefore common to Plaintiff and the Class.

c.   Whether the existence of PFAS or organic fluorine in the Products implicates potential health or safety concerns to Plaintiff and the Class Members.

CLASS ACTION COMPLAINT

d.   Whether the omissions or non-disclosures by Defendants of PFAS and or organic fluorine in the Products was and is material to Plaintiff and the Class Members.

e.   Whether omissions or non-disclosures by Defendants of PFAS or organic fluorine in the Product violates the California Consumers Legal Remedies Act, particularly California Civil Code §§ 1770(a)(5), Business & Professions Code § 17200, *et seq.*, Business & Professions Code § 17500, *et seq.* and Civil Code § 1750, *et seq.*

51.   Accordingly, the determination of Defendants' liability under each of the causes of action presents legal issues that are common to Plaintiff and the class as a whole.

52.   Typicality: Plaintiff's claims are co-extensive with those of the Class Members as Plaintiff and the Class's injuries and claims arise from the same course of conduct by Defendants as alleged herein.

53.   The Class is identifiable and ascertainable.  Plaintiff has precisely defined the class based on objective criteria whereby Class Members would be able to know whether they are a member of the prospective class, specifically, "All persons who purchased the Product in the State of California during the time period of four (4) years preceding the date of the filing of this class action through the present."  Notice can be provided to such purchasers using techniques and a form of notice customarily used in class actions, including direct notice by email to the Class Members and other California consumers from Defendant's and third-party retailers records, internet publication, radio, newspapers, and magazines.

54.   Adequacy: Plaintiff is an adequate representative of the Class because Plaintiff's interests are the same as the class in that Plaintiff and the Class were subjected to the same omissions and representations by Defendants; Plaintiff intends to prosecute this action vigorously and completely on behalf of herself and the Class; Plaintiff has retained competent counsel experienced in prosecuting class actions; and Plaintiff's interests do not conflict with the interests of the Members of the Class. Based thereon the interests of the Members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

55.   Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Plaintiff and Class Members have all suffered and will

1  continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.

2  The expense and burden of individual litigation would make it impracticable and impossible for

3  proposed Class Members to afford to seek legal redress for the wrongs complained of herein and

4  prosecute their claims individually. Therefore, absent a class or representative action, the Class

5  Members will continue to suffer losses and Defendants will be allowed to continue these

6  violations of law and to retain the proceeds of their wrongdoing. Class treatment of common

7  questions of law and fact would also be a superior method to multiple individual actions or

8  piecemeal litigation in that class treatment will conserve the resources of the courts and the

9  litigants and will promote consistency and efficiency of adjudication. Finally, trial on a

10 representative and class basis would be manageable. Liability may be determined by facts and

11 law common to the Class Representative and the Class Members and monetary damages or

12 restitution may be determined by proven and approved methods on a classwide basis.

## FIRST CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

16  56.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs

17 and incorporates the same as if set forth herein at length.

18  57.     This cause of action is brought pursuant to <u>Business and Professions Code</u> section

19 17200, *et seq.*, on behalf of Plaintiff and a Class consisting of all persons residing in the State of

20 California who purchased the Products for personal use and not for resale.

21  58.     Defendants, in their marketing and advertising of the Products, make material

22 omissions and false and misleading statements regarding the attributes and qualities of the

23 Products, as set forth above.

24  59.     Defendants' business practices, described herein, violated the "unlawful" prong of

25 the UCL by violating <u>California Civil Code</u> section 1573, 1709, 1710, 1711, and 1770, as well as

26 the common law.

27

28

CLASS ACTION COMPLAINT

60.     As alleged in the preceding paragraphs, the omissions and non-disclosures by Defendants of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17200.

61.     Defendant knew that the omissions and claims that they made and continue to make about the Products are material, false and misleading.

62.     Defendants omissions and non-disclosures played a substantial part, and was a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Products.

63.     Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendant's omissions and non-disclosures.

64.     The Products as purchased by the Plaintiff and the Class were and are unsatisfactory and worth less than the amount paid for.

65.     Defendants' wrongful conduct is part of a pattern or generalized course of conduct.

66.     All of the conduct alleged herein occurs and continues to occur in Defendants' businesses.

67.     Wherefore, Plaintiff, the Class Members and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this court, the non-disclosure of material information that implicates health and safety concerns that a reasonable consumer would find material will continue and cause great and irreparable injury to Plaintiff, the Class and other California consumers.

68.     Therefore, pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff seeks an order in equity from this Court enjoining Defendants from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale the Products as follows:

   a.   An order compelling Defendants to either stop manufacturing the Products with organic fluorine; or

   b.   Advise Plaintiff and consumers of the existence and potential safety risks of organic fluorine in the Products.

CLASS ACTION COMPLAINT

69.     In addition, Plaintiff seeks an order awarding Plaintiff and the Class restitution of the monetary amounts by which Plaintiff and the Class did not receive the value of the Products they paid for and which Defendants were unjustly enriched.

## SECOND CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

70.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

71.     This cause of action is brought pursuant to Business and Professions Code § 17500, *et seq.*, on behalf of Plaintiff and the Class consisting of all persons residing in the State of California who purchased the Products for personal use and not for resale.

72.     In its marketing and sales of the Products, Defendants make material omissions and non-disclosures regarding the attributes and qualities of the Products, as set forth herein.

73.     Defendants knew that they made and continue to make material omissions and non-disclosures about the Products and that the omissions and non-disclosures that they made and continue to make about the Products are false, misleading, and inappropriate.

74.     Defendants' omissions and non-disclosures played a substantial part, and was a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Products.

75.     Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendants' omissions and non-disclosures.

76.     The Products as purchased by the Plaintiff and the Class are unsatisfactory and worth less than the amount paid for.

77.     As alleged in the preceding paragraphs, the omissions and non-disclosures by Defendants of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code § 17500.

78.     In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented

12

1     constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an

2     unlawful business practice within the meaning of Business & Professions Code §§ 17200 and

3     17531, which advertisements have deceived and are likely to deceive the consuming public, in

4     violation of Business & Professions Code § 17500.

5          79.    Wherefore, Plaintiff, the Class Members and other California consumers have, among

6     other things, no adequate remedy at law for the injuries that are currently being suffered and that

7     will be suffered in the future in that, unless and until enjoined by order of this court, the omission

8     and non-disclosure of material information that implicates health and safety concerns that a

9     reasonable consumer would find material will continue and cause great and irreparable injury to

10    Plaintiff, the Class and other California consumers.

11         80.    Therefore, Plaintiff seeks an order of this Court enjoining Defendants from

12    continuing to engage, use, or employ the practice of falsely marketing and advertising for sale the

13    Product as follows:

14              a.  An order compelling Defendants to either stop manufacturing the Products with

15                  organic fluorine; or

16              b.  Advise Plaintiff and consumers of the existence and potential safety risks of organic

17                  fluorine in the Products.

18         81.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class restitution of

19    the monetary amounts by which Plaintiff and the Class did not receive the value of the Products

20    they paid for and which Defendants were unjustly enriched.

21                          **THIRD CAUSE OF ACTION**

22              **VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.***

23         82.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs

24    and incorporates the same as if set forth herein at length.

25         83.    This cause of action is brought pursuant to Civil Code § 1750, *et seq.*, the

26    Consumers Legal Remedies Act ("CLRA" or "Act"), on behalf of Plaintiff and a Class consisting

27    of all persons residing in the State of California who purchased the Product for personal use and

28    not for resale.

84.   The Class consists of thousands of persons, the joinder of whom, is impracticable.

85.   There are facts and questions of law common to the class, which are substantially similar and predominate over questions affecting the individual members, including but not limited to:

    a.   All respective Products are labeled and packaged the same.  Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging.

    b.   The omissions and non-disclosures made by Defendants and to which Plaintiff and the Class were exposed was the same and therefore common to Plaintiff and the Class.

    c.   Whether the existence of PFAS or organic fluorine in the Products implicates potential health or safety concerns to Plaintiff and the Class Members.

    d.   Whether the omissions or non-disclosures by Defendants of PFAS and or organic fluorine in the Products was and are material to Plaintiff and the Class Members.

    e.   Whether Defendants violate § 1770(a)(5) of the Act by misrepresenting by omission and non-disclosure characteristics and ingredients of the Products that implicate health and safety concerns.

    f.   Whether the existence, extent, and significance of the omissions and non-disclosures regarding the characteristics of the Products violates the Act.

86.   The policies, acts, and practices described herein were intended to result in the sale of the Product to the consuming public and violated and continue to violate § 1770(a)(5) of the Act by misrepresenting by omission and non-disclosure the characteristics and ingredients of the Products that implicate health and safety concerns.  In doing so, Defendants intentionally misrepresented material facts.

87.   Defendants' misrepresent by omission and non-disclosure characteristics and ingredients of the Products that implicate health and safety concerns and lead people to believe that the Products have attributes and qualities which they do not have.

88.    Defendants knew that the omissions and non-disclosures and the claims concerning the Products' purported attributes and qualities were false and or misleading and material to the Plaintiff, the Class and other California consumers' purchase decisions.

89.    Defendants' actions as described hereinabove were done with conscious disregard of Plaintiff's, the Class and other California consumers' rights.

90.    Defendants' misleading omissions and non-disclosures played a substantial part, and was a substantial factor, in influencing Plaintiff's decision to purchase the Product.

91.    Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendants' omissions and non-disclosures.

92.    The Products as purchased by the Plaintiff and the Class were and are unsatisfactory and worth less than the amount paid for.

93.    On November 13, 2023, Plaintiff served written notices to Defendants pursuant to Civil Code § 1750, *et seq.*, which set forth Plaintiff's contentions. Plaintiff's letters were sent via certified mail electronic receipt requested to Defendants who acknowledged receipt. Defendants did not respond to Plaintiff's notice letters.

94.    Wherefore, Plaintiff, the Class members and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this court, the omissions and non-disclosures of material information that implicate health and safety concerns that a reasonable consumer would find material will continue and cause great and irreparable injury to Plaintiff, the Class and other California consumers.

95.    Therefore, pursuant to § 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to:

    a.  An order compelling Defendants to either stop manufacturing the Products with organic fluorine; or

    b.  Advise Plaintiff and consumers of the existence and potential safety risks of organic fluorine in the Products.

96.     In addition, Plaintiff seeks damages, punitive damages, restitution, attorney's fees and costs for these violations of the CLRA.

## FOURTH CAUSE OF ACTION

## RESTITUTION BASED ON UNJUST ENRICHMENT

96.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

97.     By its wrongful acts and omissions as alleged above, Defendants were unjustly enriched at the expense of Plaintiff and the Class.

98.     It would be inequitable and unjust for Defendants to retain any profits, benefits or other money it obtained from Defendants' wrongful conduct.

99.     Accordingly, the law implies a contract by which Defendants are obligated to make restitution to Plaintiffs and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all causes of action as follows:

### FIRST AND SECOND CAUSES OF ACTION

1.     An order enjoining Defendants as set forth herein;

2.     An order certifying that the action may be maintained as a Class Action;

3.     For an award of restitution in an amount according to proof at trial;

4.     For an award of attorney fees pursuant to California Civil Code § 1021.5.

### THIRD CAUSE OF ACTION

1.     An order enjoining Defendants as set fort herein;

2.     An order certifying that the action may be maintained as a Class Action;

3.     For an award of restitution in an amount according to proof at trial;

4.     For an award of punitive damages pursuant to California Civil Code § 1780(a)(4);

5.     For an award of costs of this suit pursuant to California Civil Code § 1780(e);

6.     For an award of attorney fees pursuant to California Civil Code § 1780(e) and or California Civil Code § 1021.5.

CLASS ACTION COMPLAINT

1

## **FOURTH CAUSE OF ACTION**

2    For an award of restitution in an amount according to proof at trial;

3    And such other and further relief as the Court may deem necessary or appropriate.

4

## **JURY TRIAL DEMANDED**

5    Plaintiff demands a jury trial on all triable issues.

6

7  DATED:  December 29, 2023        STEVENS, L.C.

8

9                     By: _____

10                         Paul D. Stevens
                           Attorneys for Plaintiff and the Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PAUL D. STEVENS, SBN 207107, LAUREN A. BOCHURBERG, SBN 333629 STEVENS, LC, 1855 Industrial Street, Suite 518, Los Angeles, CA 90021 | |

TELEPHONE NO.: (213) 270-1211   FAX NO. *(Optional):*
E-MAIL ADDRESS: pstevens@stevenslc.com: lbochurberg@stevenslc.com
ATTORNEY FOR *(Name):* Plaintiff and the Proposed Class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK / CENTRAL

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/29/2023 4:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

CASE NAME:
    Endres v. Newell Brands Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23STCV31907 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  December 29, 2023
PAUL D. STEVENS
    (TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std  3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

For your protection and privacy, please press the Clear

| SHORT TITLE | CASE NUMBER |
|---|---|
| ENDRES v. NEWELL BRANDS INC. | 23STCV31907 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| ENDRES v. NEWELL BRANDS INC. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| ENDRES v. NEWELL BRANDS INC. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| ENDRES v. NEWELL BRANDS INC. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| ENDRES v. NEWELL BRANDS INC. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 12/29/2023 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.
2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.
3.  Civil Case Cover Sheet Judicial Council form CM-010.
4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Paul D. Stevens (Cal. Bar. No. 207107)
pstevens@stevenslc.com
Lauren A. Bochurberg (Cal. Bar. No. 333629)
lbochurberg@stevenslc.com
**STEVENS LC**
1855 Industrial Street, Suite 518
Los Angeles, California 90021
Tel: (213) 270-1211
Fax: (213) 270-1223

*Attorneys for Plaintiff and the Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/29/2023 4:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

## CENTRAL DISTRICT

| | |
|---|---|
| JENNIFER ENDRES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NEWELL BRANDS INC. A DELAWARE CORPORATION DOING BUSINESS IN CALIFORNIA; THE YANKEE CANDLE COMPANY, INC. a Delaware Corporation doing business in California; and DOES 1 through 10, inclusive,<br><br>Defendants. | <u>CLASS ACTION COMPLAINT</u><br><br>Case No.   23STCV31907<br><br>DECLARATION OF PAUL D. STEVENS, ESQ. RE: VENUE PURSUANT TO CAL. CIV. CODE § 1780(d)<br><br><u>DEMAND FOR JURY TRIAL</u><br>Case Assigned for All Purposes to: |

DECLARATION OF PAUL D. STEVENS, ESQ. RE: VENUE PURSUANT TO CAL. CIV. CODE § 1780(d)

1

2

### DECLARATION OF PAUL D. STEVENS, ESQ.

I, Paul D. Stevens, declare as follows:

3

4

     1.     I am an attorney admitted and licensed to practice in the state of California and

5 before all of the United States District Courts in the State of California as well as the Ninth Circuit

6 Court of Appeals and United States Supreme Court. I am a member in good standing and have

7 never been subject to discipline by any court.

8

     2.     I am the owner of the law firm of Stevens, LC, counsel for Plaintiff and the putative

9 Class in this action. I have personal knowledge of the matters stated herein. If called as a witness, I

10 could and would testify truthfully and competently thereto under oath.

11

     3.     I submit this declaration pursuant to <u>California Civil Code</u> § 1780(d) in support of

12 showing that the action has been commenced in a county described in § 1780(d) as a proper place

13 for the trial of the action.

14

     4.     This Court is proper for commencement and venue of this action because

15 Defendants are doing business in Los Angeles County.

16

     5.     I declare and state under penalty of perjury pursuant to the laws of the State of

17 California that the foregoing is true and correct, and that this Declaration was executed this 21st

18 day of December 2023 in Los Angeles, California.

19

20 DATED: December 29, 2023          STEVENS, L.C.

21

22

23 By: _____

24           Paul D. Stevens

          Attorneys for Plaintiff and the Class

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **12/29/2023** David W. Slayton, Executive Officer / Clerk of Court By: _____ J. Nuñez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER: 23STCV31907 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Maren  Nelson | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/02/2024 _____
      (Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Nunez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                        (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➤  _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)
Date:

                                            ➤  _____
_____                    (ATTORNEY FOR DEFENDANT)
        (TYPE OR PRINT NAME)
Date:

                                            ➤  _____
_____                    (ATTORNEY FOR DEFENDANT)
        (TYPE OR PRINT NAME)
Date:

                                            ➤  _____
_____                    (ATTORNEY FOR DEFENDANT)
        (TYPE OR PRINT NAME)
Date:

                                            ➤  (ATTORNEY FOR _____)
_____
        (TYPE OR PRINT NAME)
Date:

                                            ➤  (ATTORNEY FOR _____)
_____
        (TYPE OR PRINT NAME)
Date:

                                            ➤  (ATTORNEY FOR _____)
_____
        (TYPE OR PRINT NAME)

[ Print ]        [ Save ]                                                [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.  Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

[ Print ]     [ Save ]                                   [ Clear ]

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                        Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]  [ Save ]  [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

[ Print ]   [ Save ]                                  [ Clear ]

1

2

3

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

4

5

6

7    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8    **FOR THE COUNTY OF LOS ANGELES**

9

10   General Order Re                )    ORDER PURSUANT TO CCP 1054(a),
     Use of Voluntary Efficient Litigation )    EXTENDING TIME TO RESPOND BY
11   Stipulations                    )    30 DAYS WHEN PARTIES AGREE
                                      )    TO EARLY ORGANIZATIONAL
12                                    )    MEETING STIPULATION
                                      )
13   ─────────────────────────────── )

14       Whereas the Los Angeles Superior Court and the Executive Committee of the

15   Litigation Section of the Los Angeles County Bar Association have cooperated in

16

17   drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18   use in general jurisdiction civil litigation in Los Angeles County;

19       Whereas the Los Angeles County Bar Association Litigation Section; the Los

20   Angeles County Bar Association Labor and Employment Law Section; the Consumer

21
     Attorneys Association of Los Angeles; the Association of Southern California Defense
22
     Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California
23

24   Employment Lawyers Association all "endorse the goal of promoting efficiency in

25   litigation, and ask that counsel consider using these stipulations as a voluntary way to

26   promote communications and procedures among counsel and with the court to fairly

27
     resolve issues in their cases;"
28

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5                                                    _Carolyn B. Kuhl_

6                                                    Carolyn B. Kuhl, Supervising Judge of the
                                                     Civil Departments, Los Angeles Superior Court
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

i)   Depositions;

ii)   Declarations;

iii)   Exhibits (including exhibits to declarations);

iv)   Transcripts (including excerpts within transcripts);

v)   Points and Authorities;

vi)   Citations; and

vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11)  SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3        Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4        Division of the Los Angeles County Superior Court.

5

6            This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019                                     Kevin C. Brazile

11                                               KEVIN C. BRAZILE
                                                 Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28