Tammy B. Webb (SBN 227593)
tbwebb@shb.com
Russell L. Taylor (SBN 345844)
rtaylor@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Mitchell F. Engel (admitted *pro hac vice*)
mengel@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547

Attorneys for Defendants,
NEWELL BRANDS INC. and
THE YANKEE CANDLE COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JENNIFER ENDRES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NEWELL BRANDS INC., a Delaware corporation; THE YANKEE CANDLE COMPANY, INC., a Massachusetts corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-952-MWF-DFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:   April 8, 2024<br>Time:  10:00 am<br>Dept:   Courtroom 5A |

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................... 2

    I.    Plaintiff fails to state a claim under the UCL or the CLRA. .................. 2

        A.    Plaintiff's misrepresentation-based claim fails............................. 2

            1.    Particularity is lacking because Plaintiff fails to allege the materials in the FAC are those she saw and relied on.   2

            2.    Plaintiff fails to allege an actionable misrepresentation because the statements are either puffery or objectively verifiable.   5

        B.    Plaintiff's omission-based claim fails............................................ 7

            1.    Particularity is lacking because Plaintiff fails to allege critical facts about her alleged purchases of the Products. 7

            2.    Plaintiff fails to allege an actionable omission because Defendants did not possess exclusive knowledge nor is there an unreasonable safety hazard.   9

    II.    Plaintiff's claims for equitable relief fail. .............................................. 11

        A.    Plaintiff fails to establish standing to request injunctive relief because there is no risk of future harm. ....................................... 12

        B.    Equitable relief is also unavailable because Plaintiff's legal remedies are adequate............................................................... 12

    III.    Plaintiff's unjust enrichment claim fails. .............................................. 14

CONCLUSION............................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barrett v. Apple Inc.*,
   523 F. Supp. 3d 1132 (N.D. Cal. Mar. 4, 2021) ................................................. 14

*Brown v. Madison Reed, Inc.*,
   No. 21-CV-01233-WHO, 2021 WL 3861457 (N.D. Cal. Aug. 30, 2021) ............................................................................................................................. 3

*Brown v. Van's Int'l Foods, Inc.*,
   No. 22-CV-00001-WHO, 2022 WL 1471454 (N.D. Cal. May 10, 2022) ........................................................................................................................... 12

*Clevenger v. Welch Foods, Inc.*,
   501 F. Supp. 3d 875 (C.D. Cal. Nov. 18, 2020) ................................................. 12

*Doe v. SuccessfulMatch.com*,
   70 F. Supp. 3d 1066 (N.D. Cal. Sept. 30, 2014) ................................................... 8

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.*,
   No. 14-CV-04809-HSG, 2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) ........................................................................................................................... 13

*Gibson v. Jaguar Land Rover N. Am., LLC*,
   No. CV 20-00769-CJC, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) .............. 13

*Guzman v. Polaris Indus. Inc.*,
   49 F.4th 1308 (9th Cir. 2022) ............................................................................. 13

*Hicks v. L'Oreal U.S.A., Inc.*,
   No. 22 CIV. 1989 (JPC), 2023 WL 6386847 (S.D.N.Y. Sept. 30, 2023) ............................................................................................................................. 11

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ......................................................................... 7, 8

*Marshall v. Red Lobster Mgmt. LLC*,
   No. LA-CV-21-04786-JAK (MARx), 2023 WL 9111611, at *2 (C.D. Cal. Dec. 18, 2023) ............................................................................................. 6

*Raynaldo v. Am. Honda Motor Co.*,
 No. 21-CV-05808-HSG, 2022 WL 4358096 (N.D. Cal. 2022) ........................... 8

*Rojas-Lozano v. Google, Inc.*,
 159 F. Supp. 3d 1101 (N.D. Cal. Feb. 3, 2016) .................................................. 14

*Shamamyan v. FCA US LLC*,
 No. CV 19-5422-DMG, 2020 WL 3643481 (C.D. Cal. 2020) ........................... 9

*Sims v. Kia Motors Am., Inc.*,
 No. SACV 13-1791 ............................................................................................ 8

*Snyder v. TAMKO Building Prods.*,
 No. 1:15-CV-01892-TLN-KJN, 2019 WL 4747950 (E.D. Cal. 2019) ............... 9

*Tabler v. Panera LLC*,
 No. 19-CV01646-LHK, 2020 WL 3544988 (N.D. Cal. Jun. 30, 2020) .......... 4, 5

*Tietsworth v. Sears, Roebuck & Co.*,
 No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486 (N.D. Cal. Oct. 13,
 2009) .................................................................................................................. 9

*Viggiano v. Hansen Nat. Corp.*,
 944 F. Supp. 2d 877 (C.D. Cal. May 13, 2013) .................................................. 6

*Watson v. Solid Gold Pet, LLC*,
 No. CV 18-6479 PSG (SSX), 2019 WL 3308766 (C.D. Cal. Feb. 22,
 2019) .................................................................................................................. 5

*Zeiger v. WellPet LLC*,
 304 F. Supp. 3d 837 (N.D. Cal. Jan. 17, 2018) ................................................... 6

**Rules**

Federal Rule 9(b) ................................................................................. 1, 2, 3, 7, 8

iii

# INTRODUCTION

Plaintiff alleges Newell Brands Inc. and The Yankee Candle Company, Inc. deceptively omitted the presence of organic fluorine in the marketing of their Yankee Candle and Chesapeake Bay Candle product lines and engaged in misleading marketing about these product lines.

Instead of addressing the arguments raised in Defendants' Motion to Dismiss (Dkt. No. 17), Plaintiff instead doubles down on the deficient allegations of the First Amended Complaint ("FAC"). For example, as Defendants previously explained, Plaintiff's FAC fails to comply with the fraud pleading standard of Rule 9(b), as she does not allege with specificity the "who, what, when, where, and how" of the alleged misrepresentations or omissions. Plaintiff's Opposition does not correct this pleading defect—Plaintiff still, for example, critically does not even argue the advertising materials cited in the FAC are the same as those she allegedly relied on. Plaintiff also fails to allege an actionable misrepresentation because the statements identified by Plaintiff are either nonactionable puffery or objectively verifiable, nor does she allege an actionable omission because Defendants lacked exclusive knowledge of the alleged presence of organic fluorine in the Products. Plaintiff's Opposition does not cure these deficiencies, relying instead on patently distinguishable cases in support of her arguments.

With respect to her claim for injunctive relief, Plaintiff lacks standing because she now faces no risk of being misled into purchasing the Products in the future and, in any case, legal damages would be sufficient to remedy any alleged injury. While Plaintiff's Opposition argues that she can no longer rely on Defendants' marketing materials, such an argument has been consistently rejected by courts in this district, and Plaintiff's argument that legal remedies are inadequate remains entirely conclusory. Finally, Plaintiff's unjust enrichment claim fails because Plaintiff has not alleged an actionable misrepresentation or omission and has not demonstrated that

legal remedies are inadequate. Plaintiff's Opposition merely regurgitates the language of the FAC, ignoring completely the arguments raised in Defendant's Motion.

Because nothing in Plaintiff's Opposition rebuts the arguments raised in Defendants' Motion, this Court should dismiss the FAC in its entirety and with prejudice.

## ARGUMENT

### I.  Plaintiff fails to state a claim under the UCL or the CLRA.

Plaintiff's Opposition argues the FAC sufficiently alleges misrepresentation-based and omission-based fraud claims under the UCL and the CLRA. But nothing in the Opposition rebuts the fact that such claims are not plead with the specificity required by Rule 9(b), as the FAC merely includes examples of Defendants' advertising materials without any accompanying explanation as to which of these statements Plaintiff claims is misleading, or whether these materials are even those that she allegedly relied on. Plaintiff also argues the language included in such materials is not puffery, while also contending that Defendants' possessed exclusive knowledge of the alleged presence of organic fluorine in the Products, and that organic fluorine poses an unreasonable safety hazard. But Plaintiffs' arguments are cursory at best, relying on plainly distinguishable cases and sweeping generalizations.

#### A.  Plaintiff's misrepresentation-based claim fails.

##### 1.  Particularity is lacking because Plaintiff fails to allege the materials in the FAC are those she saw and relied on.

Plaintiff does not contest she must plead her fraud-based claim with specificity. As explained in Defendants' Motion, Plaintiff has not done so because she does not allege when she viewed the materials included in the FAC, which of these statements she allegedly relied upon in making her purchases, or whether the materials included in the FAC were present on the respective websites at the time of her alleged purchases. Plaintiff argues only that she is not required to allege when she viewed

2

Defendants' advertising materials, and that it suffices to provide a general description of such materials. While such a contention is not only incorrect, it critically fails to address whether these same materials even *existed* at the time of her alleged purchases.

With respect to the *when*, Plaintiff argues "the FAC need not allege the specific date which Plaintiff visited the websites or purchased a Product because the Ninth Circuit has not established such a requirement." Opp'n at 4. Plaintiff's contention, however, fails to address the core of Defendants' argument. Plaintiff's argument only addresses the level of specificity required to plead the *timing* of a claimant's purchase, or the *viewing* of an alleged misrepresentation. Plaintiff's bare allegation—that she reviewed Defendants' advertising materials "[p]rior to her purchase"—does not even provide the level of specificity required by Rule 9(b) related to timing and viewing. *See, e.g.*, *Brown v. Madison Reed, Inc.*, No. 21-CV-01233-WHO, 2021 WL 3861457, at *10 (N.D. Cal. Aug. 30, 2021) (dismissing under Rule 9(b) where plaintiffs "only provide a date range of when they purchased the products, without clarifying which statements they relied on and if they viewed/relied on such statements around the time of purchase."). But Plaintiff's Opposition also overlooks an even more critical deficiency—namely, Plaintiff fails to identify when the screenshots included in the FAC were taken, and fails to allege these website representations were present when she purchased the Product. Thus, we do not even know—at a minimum—whether the advertising she claims to have seen even existed during the period she claims to have seen it. *See, e.g.*, *id.* ("The timing is significant here . . . Madison Reed launched a 'men's hair and beard' marketing campaign in 2020 in which it made statements like free of 'bad stuff' and full of 'good stuff,' but Brown alleges that she only bought products from early 2016 through 2018[.]'").

Plaintiff attempts to distract from this pleading deficiency by asserting that "the cases Defendants relied upon do not apply as each concerned circumstances where

3

some of the challenged marketing occurred outside of the alleged class period." Opp'n at 4. Plaintiff's argument misreads the holdings of these cases, as the dispositive fact was, just as here, the failure to allege the advertisements were present at the time of purchase. *See, e.g., Tabler v. Panera LLC*, No. 19-CV01646-LHK, 2020 WL 3544988, at *7 (N.D. Cal. Jun. 30, 2020) ("[P]laintiff alleged that she bought products during the class period, which began as far back as 2015, whereas some of the advertisements at issue "only began on January 13, 2017").

Plaintiff's reliance on *Kanan v. Thinx Inc.* is also misplaced, as that case involved specific allegations that the representations at issue "date[d] back to at least 2019, with some representations spanning the Product's lifetime." No. CV-20-10341-JVS (JRPx), 2021 WL 4464200, at *5 (C.D. Cal. June 23, 2021). *Kanan* only further confirms that Plaintiff's allegations are deficient as, unlike in *Kanan*, Plaintiff has not alleged the screenshots included in the FAC are the same as those present at the time of her alleged purchases.

Plaintiff attempts to remedy this pleading deficiency by arguing (for the first time) that "the marketing was the same throughout the proposed class period and continuing to this day." Opp'n. at 5 (citing FAC at ¶¶ 45, 82, 95, 114). But such an allegation does not appear *anywhere* in the FAC. And the paragraphs cited do not support this contention, as they allege only that Plaintiff viewed certain unidentified advertising materials at the time of purchase, not that the advertisements she viewed are those included in the FAC.

With respect to the *what* of the alleged misrepresentations, Plaintiff argues "it is well established that Plaintiff is not required to allege the precise web pages viewed and the precise date she viewed them." Opp'n at 6. She contends that, instead, "[i]t suffices for plaintiffs to provide examples of advertisements similar to those they saw as long as all the advertisements convey the core allegedly fraudulent message." *Id.*

But Plaintiff's position actually *supports* Defendants' argument that it is insufficient to simply include screenshots from a range of seemingly unrelated website pages, as Plaintiff concedes the so-called "representative advertisements" must convey "the core . . . fraudulent message." Opp'n at 6. The problem here is that given the sheer breadth and diversity of the advertising materials included in the FAC, Plaintiff has not sufficiently alleged what the "core . . . fraudulent message" is.

Plaintiff has also failed to identify which statements (if any) contained in the FAC she actually viewed and relied on. *See, e.g.*, *Tabler*, 2020 WL 3544988, at *8 (explaining that although plaintiff listed a "range of representative advertisements that she alleges to be misleading," she provided "no indication of which statements, if any, Plaintiff herself relied upon before purchasing the unspecified Products").

For these reasons, Plaintiff's misrepresentation claims under the UCL and CLRA fail as a matter of pleading and should be dismissed.

### 2. Plaintiff fails to allege an actionable misrepresentation because the statements are either puffery or objectively verifiable.

Plaintiff does not sufficiently rebut Defendants' argument that most of the advertising statements contained in the FAC are non-actionable puffery and the rest are objectively verifiable and are thus not misleading to a reasonable consumer. Opp'n at 7–9.

As to Plaintiff's specific arguments regarding puffery, the cases relied on by Plaintiff are either factually distinguishable or inaccurately described. For example, Plaintiff cites to *Watson v. Solid Gold Pet, LLC*, No. CV 18-6479 PSG (SSX), 2019 WL 3308766, at *3 (C.D. Cal. Feb. 22, 2019) for the proposition that the word "premium" is not puffery. Opp'n at 8. In *Watson*, the word "premium" was specifically used to describe "nutrition." *Id.* at *3. *Watson*'s uses of the word "premium" was thus used to describe an *attribute* of the product—its nutrition. Not so here, as Defendants use of the word regards a claim about the Products themselves

1   ("Premium candles"), which is nonactionable puffery. *See, e.g.*, *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 894 (C.D. Cal. May 13, 2013) ("The term 'premium' . . . is mere puffery.").

The remaining cases relied on by Plaintiff are also distinguishable, as they involved statements which could be verified. *See, e.g.*, *Marshall v. Red Lobster Mgmt. LLC*, No. LA-CV-21-04786-JAK (MARx), 2023 WL 9111611, at *2 (C.D. Cal. Dec. 18, 2023) (statement that certain seafood products were "sourced to the highest standards" was capable of verification because of the amount of information available about the fisheries and countries of origin at issue); *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 851 (N.D. Cal. Jan. 17, 2018) ("WellPet's claim that their food is 'undoubtedly safe' . . . is neither objectively true, according to plaintiffs, nor a subjective opinion about the Products.").

The remaining, non-puffery statements included in the FAC are not actionable because they can be objectively verified. Plaintiff takes issue with the examples provided by Defendants, noting that "Defendant[s] do[] not identify all of the challenged marketing but instead cite[ ] to the following 'examples.'" Opp'n at 9 n.2. Due to Plaintiff's shotgun style pleading, however, it is difficult to ascertain exactly which statement(s) in the FAC she claims are misleading. Plaintiff cannot reasonably contend that *every* statement included in Defendants' advertising materials is misleading, particularly where some provide only generic information about candles, such as that the Products "[h]elp[] you . . . enhance a room or patio, or brighten a holiday gathering." FAC at ¶ 16(b)(iii). Therefore, Defendants' Motion merely attempted to identify examples that could even remotely be argued are actionable. If there were an objective statement in the FAC that was false, Plaintiff certainly would have pointed that misstatement out in her Opposition—her failure to do so is telling.

The core of Plaintiff's argument appears to be that Defendants engage in "sustainability marketing," *see, e.g.,* Opp'n at 10, and that this is incompatible with

6

the alleged presence of organic fluorine due to the purportedly negative environmental impact that organic fluorine and PFAS have. *Id.* Such an argument, however, is inconsistent with the examples provided in the FAC. For example, Defendants' advertising defines "sustainability" in the context of the "responsible use of energy," "recycling," and "responsible suppliers," while providing that "[w]e are designing our packaging in order to use more recyclable materials and to reduce the impact of our packaging on the environment." FAC at ¶ 16. Such statements have nothing to do with the ingredients of the Products, and thus are not misleading about the alleged presence of organic fluorine in the Products. In other words, Plaintiff has not alleged how the purported presence of organic fluorine in the Products is incompatible with Defendants' statements about their commitment to recycling and responsible packaging. Plaintiff thus fails to allege an actionable misrepresentation.

### B. Plaintiff's omission-based claim fails.

#### 1. Particularity is lacking because Plaintiff fails to allege critical facts about her alleged purchases of the Products.

As explained in Defendants' Motion, Plaintiff's omission-based claim is not pled with specificity as she does not sufficiently identify when she saw the representations, when she purchased the Products at issue, whether she has ceased purchasing the Products, and when (if ever) she might purchase the Products in the future. Plaintiff's Opposition disputes the pleading standard applicable to omission-based claims, while also arguing that the allegations of the FAC satisfy either standard. But such an argument is incorrect, and Plaintiffs' conclusory reliance on the FAC does not remedy the deficiencies identified in Defendants' Motion.

Plaintiff first incorrectly argues that the specificity requirement of Rule 9(b) "is relaxed in the context of fraud-by-omission[.]" Opp'n at 13. This is an incorrect statement of law. "The Ninth Circuit held in *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009), that Rule 9(b) applies to *any* claim that is grounded in

7

fraud, regardless of the claim's elements or the substantive law that gives rise to it." *Raynaldo v. Am. Honda Motor Co.*, No. 21-CV-05808-HSG, 2022 WL 4358096, at *7 (N.D. Cal. 2022) (emphasis in original). Courts have, therefore, declined to "adopt[ ] the position that a 'relaxed' pleading standard applies to omission-based claims." *Id.*; *see also, e.g.*, *Sims v. Kia Motors Am., Inc.*, No. SACV 13-1791 AG (DFMx), 2014 WL 12558251, at *4 (C.D. Cal. 2014) ("Claims of fraudulent omissions, like claims of fraudulent misrepresentations, are subject to Rule 9(b)'s heightened pleading standards.").

As discussed in Defendants' Motion, the FAC does not comply with the heightened pleading requirements of Rule 9(b), as Plaintiff fails to allege much of the "who, what, when, where and how" of the alleged fraud with particularity. *Kearns*, 567 F.3d at 1124. And despite Plaintiff's arguments to the contrary, the Opposition still fails to provide much of this information. For example, Plaintiff argues that "she is not purchasing [the Products] at this time," Opp'n at 14, but all Plaintiff actually pled is that she would not have purchased the Products, or would have paid less for them, had she been aware of the alleged presence of organic fluorine. *See, e.g.*, FAC at ¶¶ 44, 59, 78, 92, 110. Plaintiff also fails to allege details such as when she first learned of the alleged omission, when specifically she purchased the Products at issue, and when she might purchase the Products in the future. Such pleading omissions are fatal to Plaintiff's claims. *See, e.g., Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1081–82 (N.D. Cal. Sept. 30, 2014) (dismissing UCL and CLRA claims because "nowhere . . . do Plaintiffs allege when they saw the specified representations, when they purchased Defendant's services, or when they discovered Defendant's allegedly fraudulent conduct.").

Even if there were a "relaxed" Rule 9(b) standard, Plaintiff's claims would still fail, as "a plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative

samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Shamamyan v. FCA US LLC*, No. CV 19-5422-DMG (FFMx), 2020 WL 3643481, at *7 (C.D. Cal. 2020). In addition to the pleading deficiencies identified in this section, and as discussed in detail above, Plaintiff does not even allege the marketing materials included in the FAC were present on the respective websites at the time of her alleged purchases.

### 2. Plaintiff fails to allege an actionable omission because Defendants did not possess exclusive knowledge nor is there an unreasonable safety hazard.

Defendant's Motion argued that none of the circumstances for establishing an actionable omission were present, including that Defendants lacked exclusive knowledge of the alleged presence of organic fluorine in the Products. Plaintiff's Opposition argues a consumer should not be required to conduct a search for such information, while also contending that organic fluorine poses an unreasonable safety hazard. But Plaintiff misunderstands the rationale behind the exclusive knowledge rule, while also relying on plainly distinguishable cases in support of her safety claim.

Plaintiff first argues she has sufficiently alleged an actionable omission, as "Defendants had exclusive knowledge" of the alleged presence of organic fluorine in the Products. Opp'n at 16. Plaintiff adds that "[i]t is generally sufficient for defendants to have had 'superior knowledge.'" *Id.* This, again, misstates the law. An allegation of fraud "is deficient if the plaintiff makes only conclusory allegations that the defendant . . . was in a superior position to know of a product defect." *Snyder v. TAMKO Building Prods.*, No. 1:15-CV-01892-TLN-KJN, 2019 WL 4747950, *10 (E.D. Cal. 2019). The same rule applies to Plaintiff's conclusory allegation of superior knowledge. *See, e.g.*, *Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486, at *4 (N.D. Cal. Oct. 13, 2009) (holding as conclusory the

9

bare allegation that defendants were in a "superior position to know the truth about the [product]"). Plaintiff, moreover, cannot overcome *her own allegations* that the concern over chemicals in candles is significant and widespread. Mot. at 10–11; *see also* FAC at ¶ 18, nn.6–12 (citing to various publically-accessible websites in support of the contention that "there is significant public health concern about the materials and chemicals used in candles"). While Plaintiff contends that "consumers are not required to conduct such a search," the point is that they do not have to conduct a search because the information is readily and widely available. Opp'n at 17.

Plaintiff next argues that, alternatively, an actionable omission exists where "the undisclosed information 'cause[s] an unreasonable safety hazard.'" *Id.* at 16 (quoting *Hodson v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018)). But Plaintiff fails to sufficiently allege the purported presence of organic fluorine in the Products creates an unreasonable hazard either with the amount of organic fluorine allegedly in Plaintiff's candles specifically or Defendants' Products generally. Most of the cases cited by Plaintiff arose in the context of automobile defects, which pose more obvious potential hazards to consumers. Opp'n at 18 (citing *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987 (N.D. Cal. March 14, 2013); *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 836 (2006)). Plaintiff also cites to *Dawood v. Gamer Advantage LLC*, citing language that "FogAway contains unsafe . . . ("PFAS") which have been shown to have a number of toxicological effects." Opp'n at 18; No. 2:22-CV-00562-WBS (KJN), 2022 WL 3108846, at *2 (E.D. Cal. Aug. 4, 2022). What Plaintiff fails to note, however, is that this quotation did not come in the context of an unreasonable hazard analysis, but instead came only in the court's recitation of the facts alleged by the plaintiff.

Contrary to Plaintiff's claim, courts routinely dismiss omission-based fraud claims alleging the presence of PFAS in consumer products. For example, in *Onaka v. Shiseido Americas Corp.*, the court dismissed a case on standing grounds due to

10

insufficient allegations that the products purchased by plaintiffs' actually contained PFAS. No. 21-CV-10665-PAC, 2023 WL 2663877 (S.D.N.Y. Mar. 28, 2023); *see also Onaka v. Shiseido Americas Corp.*, No. 121CIV10665PAC, 2024 WL 1177976, at *3 (S.D.N.Y. Mar. 19, 2024) ("However, as with their prior complaint, they have failed to allege plausibly the Products they purchased contained PFAS and, accordingly, lack standing to bring this suit.").

The same is true in the present case. While Plaintiff alleges that she "sought independent third-party testing to determine whether the Products contained organic fluorine," she does not allege that the candles actually purchased and used by Plaintiff contained organic fluorine. *See, e.g., Onaka*, 2023 WL 2663877, at *4 ("Plaintiffs' single allegation of independent testing is inadequate. For one, the Complaint does not allege that Plaintiffs tested any of their own purchases for PFAS. As Defendant highlights . . . this merely expresses that Plaintiffs tested the same kind of Products from the same line of Products that they themselves had purchased, not that they tested their own purchases."). Therefore, Plaintiff has "not adequately plead that the [Products she] purchased contained PFAS[.]" *Hicks v. L'Oreal U.S.A., Inc.*, No. 22 CIV. 1989 (JPC), 2023 WL 6386847, at *10 (S.D.N.Y. Sept. 30, 2023) ("Plaintiffs have not adequately pleaded that the mascaras they purchased contained PFAS nor that there was a material risk thereof.").

## II.   Plaintiff's claims for equitable relief fail.

As explained in Defendants' Motion, a consumer lacks standing to seek injunctive relief where they are already aware of a product's content, as there is no risk of future harm. Defendants also explained how, in any case, the FAC failed to allege how legal remedies would be inadequate. Plaintiff's Opposition argues she can no longer rely on Defendants' marketing materials, and that she has sufficiently alleged ongoing injury. Plaintiffs' first argument has been consistently rejected by courts in this district, and Plaintiff's second remains entirely conclusory.

**A.     Plaintiff fails to establish standing to request injunctive relief because there is no risk of future harm.**

Defendants' Motion argued that Plaintiff lacked standing to seek injunctive relief because there is no risk of being misled into purchasing the Products in the future thinking that they do not contain organic fluorine. While Plaintiff argues she has standing because she "would like to purchase the products in the future . . . but cannot rely on Defendants' current advertising and marketing scheme," Opp'n at 19–20, such a claim has been consistently rejected in similar contexts.

Courts in this district are clear that where a plaintiff is aware of a product's content, they cannot seek injunctive relief on the basis of purportedly deceptive advertising concerning that content. *See, e.g.*, *Clevenger v. Welch Foods, Inc.*, 501 F. Supp. 3d 875, 881 (C.D. Cal. Nov. 18, 2020) ("Because Plaintiff is now aware of how many pouches the challenged products contain, there is not a sufficient likelihood that he will suffer economic injury by purchasing these products in the future.").

Furthermore, if what Plaintiff means is she is only willing to buy candles contingent on the removal of the alleged organic fluorine from the Products, this is insufficient because it contemplates the purchase of an entirely different product. *See* FAC at ¶ 60; *see also, e.g.*, *Brown v. Van's Int'l Foods, Inc.*, No. 22-CV-00001-WHO, 2022 WL 1471454 at *11 (N.D. Cal. May 10, 2022) (explaining that an allegation that plaintiff "would only buy the products in the future if the products were 'reformulated' to contain different ingredients than their current iteration" would be "insufficient for injunctive relief").

**B.     Equitable relief is also unavailable because Plaintiff's legal remedies are adequate.**

Defendant's Motion explained that Plaintiff had not sufficiently alleged why legal damages would be insufficient to remedy her alleged harm, particularly considering her specific allegations as to how much the Products cost. While

12

Plaintiff's Opposition contends the risk of harm is ongoing and that various statutes of limitations bar damages for certain class members, such arguments are both conclusory and legally inaccurate.

Plaintiff first argues injunctive relief is appropriate given that she "alleges continuing unlawful conduct and future harm." Opp'n at 21. As explained in Defendants' Motion, however, there is no risk of future harm because Plaintiff has knowledge of the alleged existence of organic fluorine in Defendants' Products. Mot. at 15. Plaintiff has also not sufficiently demonstrated why damages would be inadequate. *See, e.g.*, *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC (GJSx), 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) ("[C]ourts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole."); *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, No. 14-CV-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015) ("[Plaintiff] seeks damages under the CLRA for the exact same conduct that forms the basis of his UCL and FAL claims. Accordingly, in order to demonstrate some entitlement to equitable relief, [plaintiff] was required to allege facts suggesting that damages under the CLRA alone would not provide adequate relief.").

Plaintiff only contends "damages would be inadequate due to the varying statutes of limitations at play." Opp'n at 21. Plaintiff argues equitable relief under the UCL is the only available remedy for those proposed class members who purchased the Products more than three years ago because the limitations period for CLRA claims is only three years, whereas it is four years for UCL claims. *Id.* at 21–22. Such an argument, however, has been explicitly rejected by the Ninth Circuit. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022) ("[W]e have held that equitable relief must be withheld when an equivalent legal claim would have been available but for a time bar."). In other words, Plaintiff cannot create an unavailability of adequate legal remedies through her own doing.

13

### III. Plaintiff's unjust enrichment claim fails.

Defendants' Motion argued that Plaintiff's unjust enrichment claim failed for the same reasons her UCL and CLRA claims failed, and also because of the adequacy of legal remedies. Plaintiff's Opposition does little to address these arguments, merely noting that "Plaintiff has alleged that Defendants enticed her into purchasing certain products via false and misleading representations and omissions, which resulted in Defendants being unjustly enriched." Opp'n at 22. For the same reasons as explained in Defendants' Motion and above, Plaintiff's claims fail. *See* Mot. at 15–16.

Plaintiff has not (and cannot) allege an actionable misrepresentation or omission, which necessarily proves fatal to her unjust enrichment claim. *See, e.g.*, *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. Feb. 3, 2016) ("[W]hen a plaintiff fails 'to sufficiently plead an actionable misrepresentation or omission, his [or her] restitution claim must be dismissed.'") (quoting *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 933 (N.D. Cal. May 10, 2012)). Moreover, Plaintiff still does not sufficiently allege that her legal remedies are inadequate. *See, e.g.*, *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. Mar. 4, 2021) ("[U]nder *Sonner*, a quasi-contract claim cannot survive a motion to dismiss unless the proponent adequately pleads that no legal remedy exists."). Thus, Plaintiff's unjust enrichment claim fails as a matter of law.

### CONCLUSION

For these reasons, Defendants respectfully ask the Court to dismiss Plaintiff's First Amended Complaint in its entirety, without leave to amend.

| | |
|---|---|
| Dated: March 25, 2024 | Respectfully submitted, |
| | SHOOK, HARDY & BACON L.L.P. |
| | By: */s/ Tammy Webb* |
| | Tammy B. Webb |
| | Russell L. Taylor |
| | Mitchell F. Engel (admitted *pro hac vice*) |
| | Attorneys for Defendants |
| | NEWELL BRANDS, INC. AND THE YANKEE CANDLE COMPANY, INC. |

The undersigned, counsel of record for Defendants Newell Brand Inc. and The Yankee Candle Company, Inc., certifies that this brief contains 4,462 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 25, 2024                    */s/ Tammy B. Webb*
                                         Tammy B. Webb

15