UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-00952-MWF (DFMx) | Date: | May 14, 2024 |
| Title: | Jennifer Endres v. Newell Brands, Inc. et al. | | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER RE: DEFENDANTS' MOTION TO DISMISS [17]

Before the Court is a Motion to Dismiss (the "Motion"), filed on February 29, 2024, by Defendants Newell Brands Inc. and The Yankee Candle Company, Inc. (Docket No. 17). Plaintiff Jennifer Endres filed an Opposition on March 18, 2024. (Docket No. 21). Defendants filed a Reply on March 25, 2024. (Docket No. 22).

The Court has read and considered the Motion and held a hearing on **April 10, 2024**.

For the reasons set forth below, the Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

The Motion is **GRANTED** *with leave to amend* as to Plaintiff's UCL and CLRA claims of misrepresentation based on sustainability representations because Plaintiff fails to establish that the presence of PFAS makes Defendants' sustainability claims misleading; and as to Plaintiff's restitution and unjust enrichment claims because Plaintiff fails to allege that she lacks an adequate remedy at law.

The Motion is **DENIED** as to Plaintiff's UCL and CLRA claims of misrepresentation based on wellness representations, Plaintiff's UCL and CLRA claims of omission, and Plaintiff's claims for injunctive relief.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00952-MWF (DFMx)      **Date:** May 14, 2024
**Title:** Jennifer Endres v. Newell Brands, Inc. et al.

## I. BACKGROUND

On December 29, 2023, Plaintiff filed this putative class action in Los Angeles County Superior Court. (Notice of Removal (Docket No. 1)). Defendants removed this action on February 2, 2024, under the Class Action Fairness Act. Plaintiff subsequently filed her First Amended Complaint ("FAC") as a matter of right. (Docket No. 10).

Plaintiff's claims arise from alleged omission and non-disclosure of potential health risks from Defendants candle products and alleged false and misleading marketing of those candle products. The Court summarizes the allegations in the FAC as follows:

Defendants are manufacturers, distributors, and marketers of a variety of scented candle and home fragrance products. (FAC ¶ 5). The Products at issue are Defendants' Yankee Candle product line and Chesapeake Bay Candle product line (the "Products"). (*Id.*). The Chesapeake Bay Candle brand is promoted by Defendants as a high-quality wellness product brand and the Yankee Candle brand is promoted by Defendants as a premium sustainable product brand. (*Id.* ¶¶ 7, 14–15). Defendants offer the Products for sale through various channels, including directly on Defendants' websites and through third party retail outlets and internet websites such as Amazon, Target, Walmart, Kohl's, and CVS Pharmacy. (*Id.* ¶ 6).

The Products contain a class of chemicals known as "PFAS" (measured in total organic fluorine) which have been linked by scientific, peer-reviewed research to severe health problems, including breast and other cancers, hormone disruption, kidney and liver damage, thyroid disease, developmental harm, and immune system disruption, including interference with vaccines. (*Id.* ¶¶ 7, 19, 24). Testing commissioned by Plaintiff confirmed the existence of at least one fully fluorinated carbon atom and organic fluorine in the Yankee Candle product at the level of 40 ppm, and in the Chesapeake Bay Candle product at the level of 112 ppm. (*Id.* ¶ 30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00952-MWF (DFMx)          **Date:** May 14, 2024
**Title:** Jennifer Endres v. Newell Brands, Inc. et al.

The marketing of the Products, including the Products' website pages omit and do not provide any disclosure of the existence of, and potential health risks from, PFAS in the Products. (*Id.* ¶¶ 14–15, 33). Additionally, the Products' containers omit and do not provide any disclosure of the existence of, and health risks from, PFAS in the Products. (*Id.* ¶ 33). The existence of PFAS in the Products directly contradicts Defendants' representations of being high-quality wellness and sustainable products. (*Id.* ¶ 39). For reference here are the warning labels for Chesapeake Bay Candle and Yankee Candle products respectively:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00952-MWF (DFMx)        **Date:** May 14, 2024
**Title:** Jennifer Endres v. Newell Brands, Inc. et al.



    Based on the above allegations, the FAC asserts four claims for relief: (1) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.*; (2) violation of California's False Advertising Law, California Business & Professions Code § 17500, *et seq.*; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*; and (4) unjust enrichment. (*Id.* ¶¶ 70–121).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-00952-MWF (DFMx) | Date:  May 14, 2024 |
| Title:     Jennifer Endres v. Newell Brands, Inc. et al. | |

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### B. Rule 9(b)

Fraud-based claims are governed by Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) standard applies to California consumer protection claims, including under the CLRA and Unfair Competition Law ("UCL")). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-00952-MWF (DFMx) | Date: May 14, 2024 |
| Title: Jennifer Endres v. Newell Brands, Inc. et al. | |

notice of the particular misconduct so that they can defend against the charge[.]" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). Under Rule 9(b), fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. Such averments must be specific enough to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Whereas allegations concerning the circumstances of fraud must include the "the who, what, when, where, and how of the misconduct charged," *Id.* (internal quotation marks and citations omitted), issues of "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

### III. DISCUSSION

#### A. UCL and CLRA Claims

Rule 9(b)'s heightened pleading standard applies to claims under the UCL and CLRA when those claims are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiff does not dispute that her UCL and CLRA claims must meet the heightened pleading standard of Rule 9(b). (Opposition at 3–4, 12–13).

##### 1. Misrepresentation-Based Claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)                Date:  May 14, 2024
Title:     Jennifer Endres v. Newell Brands, Inc. et al.

### a. Whether the Misrepresentation-Based Claims Satisfy Rule 9(b)

Defendants contend that Plaintiff's UCL and CLRA claims of misrepresentation do not satisfy the pleading standards under Rule 9(b) for two reasons: (1) Plaintiff does not sufficiently allege when she viewed or relied on the various website screenshots provided in the FAC, and that the material in the screenshots was present on the websites at time of her alleged purchases; (2) Plaintiff failed to allege which statements contained in the website screenshots she specifically relied on.  (Motion at 4–5; *See also* FAC ¶¶ 14(a)–(f), 16(a)–(h)).  Defendants argue that "[w]ithout knowing if the advertising content she claims to have seen was provided during the period she claims to have seen it, there is no way to ascertain whether Plaintiff's claims are even possible, let alone plausible."  (*Id.* at 5).  Defendants further contend that "[i]t is impossible to ascertain from Plaintiff's current allegations which statements in the various website content she claims to have relied upon."  (*Id.* at 6).

"Rule 9(b) demands only a level of detail sufficient to place a defendant on notice of the basis for a plaintiff's claims and to demonstrate that a plaintiff is not on a 'fishing expedition.'"  *Kanan v. Thinx Inc.*, No. CV 20-10341-JVS (JRPx), 2021 WL 4464200, at *5 (C.D. Cal. June 23, 2021) (citations omitted).  Here, Plaintiff alleges that Defendants made material misrepresentations of fact about the Products to the public through their website representations and marketing statements during the putative class period — December 29, 2019 to present — and Plaintiff provides a narrow date range within the alleged time period of the marketing and alleged misrepresentations by alleging that she purchased the Products from a Target store within the past seven months of the filing of this Complaint.  (FAC ¶¶ 45(a)–(e), 58, 61).  Plaintiff alleges that prior to her purchase, she saw and relied upon representations on Defendants' website representations, marketing statements, and Products' labels.  (*See Id.* ¶¶ 43, 59).  Plaintiff also reproduced the Product labels and portions of the website and specifies the language from each of the website pages with bullet points.  (*Id.* ¶¶ 14(a)–(f), 16(a)–(h), 34).  Throughout the FAC, Plaintiff has made it clear that "Plaintiff reasonably understood the marketing and labeling of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)				Date:  May 14, 2024
Title:	Jennifer Endres v. Newell Brands, Inc. et al.

Products to mean that the Chesapeake Candle brand sells high-quality wellness products and the Yankee Candle brand sells premium sustainable products." (*Id.* ¶¶ 14, 16, 43, 59). Therefore, these allegations are specific enough to put Defendant on notice of the advertisements and representations at issue upon which Plaintiff alleges to have relied.

Accordingly, the Court denies the Motion to dismiss Plaintiff's UCL and CLRA claims of misrepresentation on the ground that they fail to comply with the requirements of Rule 9(b).

### b. Whether the Challenged Statements Are Puffery

"A statement is considered puffery if the claim is extremely unlikely to induce consumer reliance. Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (citation omitted). "[A] statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Id.* (quoting *Perkiss, & Liehe v. Northern California Collection Service, Inc.*, 911 F.2d 242, 246 (9th Cir.1990)).

Defendants argue that the website materials contain puffery language such as: "[h]igh quality . . . fragrances"; "[f]ragrance-filled journey into wellness"; "[w]e take great pride in . . . using only the finest quality ingredients and materials"; "[p]remium candles"; and "[o]nly the best ingredients go into creating our distinctive true to life scents." (Motion at 6–7 (quoting FAC ¶¶ 14(a)–(f), 16(a)–(h))).

With regard to the phrase "premium candles," Plaintiff relies on *Watson v. Solid Gold Pet, LLC*, which found that the word "premium" was not puffery. No. CV 18-6479-PSG (SSx), 2019 WL 3308766, at *3 (C.D. Cal. Feb. 22, 2019). However, in *Watson*, "premium" was used to describe the nutrition for dry and wet cat food products "which provides the specificity needed to determine what is being warranted." *Id*. Here, the word "premium" is not being used to describe an attribute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00952-MWF (DFMx)          **Date:** May 14, 2024
**Title:** Jennifer Endres v. Newell Brands, Inc. et al.

the Products, but the Products themselves. *See Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 895 (C.D. Cal. 2013) (use of the term "premium" to describe a soda is mere puffery because it is general and lacks any context indicating the scope of what is being warranted; the label did not even say that the soda contained "premium ingredients").

Plaintiff also relies on *Watson* for the proposition that the representations "high quality fragrances"; "using only the finest quality ingredients and materials"; and "only the best ingredients go into creating our distinctive true to life scents" are also actionable misrepresentations, not puffery. (Opposition at 8). In *Watson*, the court held that Defendant's representation that its products contain "only the best quality ingredients" was not mere puffery. *Watson*, 2019 WL 3308766, at *3. The court also determined that other courts have "repeatedly found similar statements of quality assurance to be actionable." *Id.* (collecting cases).

Here, the representations "using only the finest quality ingredients and materials" and "only the best ingredients go into creating our distinctive true to life scents" are quality assurances that are "measurable claims that plaintiff[ ] indeed seek[s] to prove are false through this very suit." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 851 (N.D. Cal. 2018). At least at the pleading stage, "it is plausible that these statements are capable of being reasonably interpreted as a statement of objective fact." *Humphrey v. J.M. Smucker Co.*, No. 22-CV-06913-WHO, 2023 WL 3592093, at *8 (N.D. Cal. May 22, 2023). The statements also plausibly contribute to the deceptive context of the marketing representations as a whole." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 n.3 (9th Cir. 2008) (determining that the word "'nutritious,' were it standing on its own, could arguably constitute puffery, since nutritiousness can be difficult to measure concretely," but that it contributed "to the deceptive context of the packaging as a whole," and thus could not be dismissed as puffery). The phrase "high quality fragrances" can be distinguished because it is not about specific characteristics of the Products and is not "capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)        Date:  May 14, 2024
Title:    Jennifer Endres v. Newell Brands, Inc. et al.

1027, 1043 (N.D. Cal. 2014) (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir.1999)).

Regarding the remaining representation, "fragrance-filled journey into wellness," the Court also determines that it plausibly contributes to the deceptive context of the marketing representations as a whole.  *See Williams*, 552 F.3d at 939 n.3.  Courts have held that health and wellness statements cannot be dismissed as puffery because "consumers rely on health-related claims when making purchasing decisions."  *See Renn v. Otay Lakes Brewery, LLC*, No. 23-cv-1139-GPC (BLM), 2024 WL 331616, at *4 (S.D. Cal. Jan. 29, 2024) (discussing cases where health related statements on product labels of food products were not dismissed as puffery).  The cases cited in *Renn* rely on "[t]he fact that the FDA regulates the use of the term 'healthy'" to imply that "consumers rely on health-related claims on food products in making purchasing decisions."  *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1084 (N.D. Cal. 2017) (citation and internal quotation marks omitted).  Here, there is nothing implying that the "wellness" claims are relied upon by consumers.  Nevertheless, it is not extremely unlikely that Consumers would rely on this representation if the Chesapeake Candle brand was being promoted by Defendants as a high-quality wellness product brand, helping their consumers "achieve health and healing," and was "infused with pure essential oils."  (FAC ¶¶ 8, 14(d)); *see also Williams*, 552 F.3d at 938 ("California courts, however, have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer.").

### c. Whether the Misrepresentation-Based Claims Pass the Reasonable Consumer Test

Plaintiff's UCL and CLRA claims "are governed by the 'reasonable consumer' test." *Williams*, 552 F.3d at 938 (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.1995)).  Under the reasonable consumer test, Plaintiff must "show that 'members of the public are likely to be deceived.'" *Freeman*, 68 F.3d at 289 (quoting *Bank of West v. Superior Court*, 2 Cal. 4th 1254, 1267, 10 Cal. Rptr. 2d 538 (1992)).  The California Supreme Court has recognized "that these laws prohibit 'not only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)                    Date:  May 14, 2024
Title:     Jennifer Endres v. Newell Brands, Inc. et al.

advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951, 119 Cal. Rptr. 2d 296 (2002) (quoting *Leoni v. State Bar*, 39 Cal. 3d 609, 626, 217 Cal. Rptr. 423 (1985)). "Deception may be found based on the 'net impression' created by a representation." *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1193 (9th Cir. 2016) (citation omitted). "California courts, however, have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938 (collecting cases).

Defendants contend that Plaintiff's UCL and CLRA claims of misrepresentation do not pass the "reasonable consumer" test because Plaintiff does not explain how the representations are misleading in light of the alleged presence of organic fluorine in the Products. (Motion at 8). Plaintiff argues that the FAC alleges that all of the statements contribute to the "false, misleading and deceptive" promotion of the Chesapeake Bay Candles as a high-quality wellness brand and products and the Yankee Candle brand as a premium and sustainable brand and products in light of the failure to disclose the existence of organic fluorine and PFAS in the Products. (Opposition at 9).

### i.   *Whether Wellness Representations Are Misleading*

The FAC states that through their website images and statements, Defendants promote the Chesapeake Bay Candles brand as selling wellness products. (FAC ¶ 14). According to Plaintiff, wellness marketing focuses on how a product helps its target audience achieve health and healing. (*Id.* ¶ 14). Plaintiff further alleges that under the Californian Health & Safety Code, the presence of PFAS in a product is indicated by and measured in total organic fluorine and the presence of one fully fluorinated carbon atom. (*Id.* ¶ 28). Plaintiff then alleges that PFAS have been linked by scientific, peer-reviewed research to severe health problems, including breast and other cancers, hormone disruption, kidney and liver damage, thyroid disease, developmental harm, and immune system disruption, including interference with vaccines. (*Id.* ¶ 24). Plaintiff alleges that "[t]he existence of organic fluorine in the Products directly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-00952-MWF (DFMx) | Date: May 14, 2024 |
| Title: Jennifer Endres v. Newell Brands, Inc. et al. | |

contradicts Defendants' representations that the Chesapeake Candle brand sells high-quality wellness products." (*Id.* ¶ 39).

Courts have "case after case held that whether a reasonable consumer would be materially deceived by a defendant's advertising or statements about its product is a question of fact that is not generally appropriate for determination on a motion to dismiss." *Watson*, 2019 WL 3308766, at *4 (citing *Williams*, 552 F.3d at 938–39; *Zeiger*, 304 F. Supp. 3d at 852). Therefore, the Court determines that based on Plaintiff's allegations, it is plausible that a reasonable consumer could understand Defendants' wellness representations to mean that the Chesapeake Candle brand products do not contain PFAS. Accordingly, the Motion is denied as to Plaintiff's UCL and CLRA claims of misrepresentation for the Chesapeake Candle brand.

### ii. *Whether Sustainability Representations Are Misleading*

The FAC states that through their marketing representations and statements on the Yankee Candle brand website, Defendants promote the Yankee Candle brand as selling sustainable products. (FAC ¶ 16). Plaintiff alleges that sustainable marketing "is the promotion of environmentally and socially responsible products, practices, and brand values" and it focuses "on integrating environmental considerations into aspects of a brand's identity and actions." (*Id.* ¶ 16). Plaintiff further alleges that Consumers are becoming increasingly conscious of brands' efforts to make a positive difference in the world and, because of this trend, incorporating social responsibility into brands' public relations strategies can make a profound impact on consumer decisions. (*Id.* ¶ 12). Plaintiff then alleges that PFAS is "extremely resistant to degradation in the natural environment, including the water, the soil, [and] the air," and can contaminate drinking water, breast milk and indoor and outdoor air. (*Id.* ¶¶ 23, 26). Plaintiff also alleges that burning candles containing PFAS contributes to environmental contamination. (*Id.* ¶ 18(d)).

In evaluating the sustainability representations on the Yankee Candle brand website that are provided in the FAC, the Court notes that unlike the Chesapeake Bay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)          Date:  May 14, 2024
Title:    Jennifer Endres v. Newell Brands, Inc. et al.

Candles brand website where the wellness representation was throughout the site, the representation of sustainability is only discussed on one webpage. (*Id.* ¶ 16(e)–(g)). On that webpage, Defendants state that they "are committed to delivering distinctive products and experiences in a sustainable and socially responsible way for our customers, communities, and employees — now and for generations to come." (*Id.* ¶ 16(f)). Defendants continue by stating that they are "achieving this vision by focusing on" providing more sustainable products." (*Id.*). Defendants further specify that as part of their Corporate Social Responsibility initiatives, they continue to leverage their "expertise to provide the quality and experience that consumers expect while making continuous improvements throughout the entire product life cycle." It is not clear how these statements concerning Defendants' sustainability efforts would mislead a consumer to understand that the Products do not contain PFAS.

Because Plaintiff has not adequately pled that the presence of PFAS makes Defendants' sustainability claims misleading, the Court grants the Motion as to Plaintiff's UCL and CLRA claims of misrepresentation for the Yankee Candle brand.

### 2. Omission-Based Claims

#### a. Whether the Omission-Based Claims Satisfy Rule 9(b)

Defendants contend that Plaintiff's UCL and CLRA claims of omission do not satisfy the pleading standards under 9(b). (Motion at 8).

In addition to Plaintiff's allegations that already satisfy Rule 9(b) for Plaintiff's UCL and CLRA claims of misrepresentation, Plaintiff's additional allegations satisfy Rule 9(b) for Plaintiff's UCL and CLRA claims of omission. Plaintiff alleges that the representations, or lack thereof, that Plaintiff saw on the advertisements and labeling and relied upon when purchasing the Products. (FAC ¶¶ 14, 16, 43, 82, 95, 114). The FAC pleads why and how Defendants' representations about the Products are false and misleading by alleging the findings from the testing done on the Products and other studies about organic fluorine and PFAS generally. (*Id.* ¶¶ 18, 19, 20, 22, 24, 27, 28, 30, 31). The FAC alleges that Defendants omitted the information about PFAS to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)				Date:  May 14, 2024
Title:    Jennifer Endres v. Newell Brands, Inc. et al.

induce consumers to purchase the Products.  (*Id.* ¶ 45(f)).  The FAC also alleges that Plaintiff would have acted differently if she knew about the existence of organic fluorine and PFAS in the Products.  (*Id.* ¶¶ 43, 44, 45(g), 59, 78, 92, 110).

Accordingly, the Court denies the Motion to dismiss Plaintiff's UCL and CLRA claims of omission on the ground that they fail to comply with the requirements of Rule 9(b).

### b. Whether Defendants had a Duty to Disclose

"Under California law, a plaintiff must show that the seller had a duty to disclose a material fact to establish a fraudulent omission claim."  *Watson*, 2019 WL 3308766, at *5.  A duty to disclose may arise in four circumstances: (1) "the defendant is the plaintiff's fiduciary;" (2) "the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff;" (3) "the defendant actively conceals a material fact from the plaintiff;" or (4) "the defendant makes partial representations that are misleading because some other material fact has not been disclosed."  *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255–56, 134 Cal. Rptr. 3d 588 (2011) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336, 60 Cal. Rptr. 2d 539 (1997); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1094–95 (N.D. Cal. 2007)).  Defendants contend that Plaintiff cannot establish the existence of any of the four circumstances when an omission is actionable under *Collins*.  (Motion at 9–11).

Plaintiff has sufficiently alleged that Defendants made representations about Chesapeake Bay Candles brand selling wellness products that are misleading due to the presence of organic fluorine and PFAS in the candles.  Plaintiff also sufficiently alleges that Defendants had exclusive knowledge of material facts not known or reasonably accessible to the plaintiff.

Plaintiff alleges that Defendants are manufacturers and distributors of the Products.  (FAC ¶ 5).  As such, it would be reasonable to infer that they have "superior knowledge" of the materials, ingredients and chemicals in the Products.  *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1015 (N.D. Cal. 2020) (citation omitted).  Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)                    Date:  May 14, 2024
Title:    Jennifer Endres v. Newell Brands, Inc. et al.

also alleges that she only gained knowledge of the presence of organic fluorine and PFAs after purchasing the Products and having the Products tested by an independent third-party laboratory.  (FAC ¶¶ 30, 58).

Defendants' argument that Plaintiff's allegations make clear that Defendant did not have exclusive knowledge of the materials, ingredients and chemicals in the Products is unpersuasive.  (*See* Motion at 10).  Plaintiff's allegations pertain to public health concern about the materials and chemicals used in candles generally.  (FAC ¶ 18).  The allegations and article links provided in the FAC do not discuss organic fluorine or PFAS.  These facts distinguish the cases cited in the Motion such as *Gray v. Toyota Motor Sales, U.S.A.*, which held that plaintiffs could not show Toyota possessed exclusive knowledge of the underperformance of the Prius Hybrid only after determining that the "newsworthiness" about the Hybrid's underperformance had received "mainstream-media attention" and was "public information."  No. CV 08-1690-PSG (JCx), 2012 WL 313703, at *8 (C.D. Cal. Jan. 23, 2012).

Accordingly, the Court denies the Motion as to Plaintiff's UCL and CLRA claims of omission.

### 3. Equitable Relief

Defendants contend that Plaintiff cannot state a claim for equitable relief under the UCL or CLRA because: (1) Plaintiff does not have standing to seek injunctive relief and (2) equitable relief is unavailable where legal remedies are adequate.  (Motion at 11).

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022).  "For this reason, courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole."  *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC (GJSx), 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)                          Date:  May 14, 2024
Title:      Jennifer Endres v. Newell Brands, Inc. et al.

     A "previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018).  A plaintiff may establish the risk of future harm in two ways: (1) "the consumer's plausible allegations that [they] will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although [they] would like to"; or (2) "the consumer's plausible allegations that [they] might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as [they] may reasonably, but incorrectly, assume the product was improved."  *Id.* at 969–70.

     Plaintiff alleges that she "desires and would like to purchase the Products in the future."  (FAC ¶ 60).  Plaintiff further alleges that "as long as Defendants continue to market their products as wellness oriented and sustainable and do not disclose that they contain PFAS and or organic fluorine, Plaintiff will be unable to make informed decisions about whether to purchase the Products."  (*Id.*).  The Court determines that these allegations are "sufficient to establish a risk of future harm." *Ary v. Target Corp.*, No. 22-CV-02625-HSG, 2023 WL 2622142, at *4 (N.D. Cal. Mar. 23, 2023).

     Given that Plaintiff alleges that she wants to purchase the Products but "cannot make informed decisions about whether to purchase them as long as Defendant continues its current labeling practices," the Court determines that "at this stage of the litigation there is an ongoing, prospective nature to plaintiff's allegations given her contention that she and other future purchasers will continue to be misled. . . . [Which is] sufficient to suggest a likelihood of future harm amenable to injunctive relief."  *Ary*, 2023 WL 2622142, at *4–5 (citation omitted) (collecting cases where courts have distinguished between equitable relief for past harm, including restitution and disgorgement, and injunctive relief for future harm).

     In regard to Plaintiff's UCL restitution claim, the FAC alleges that Plaintiff has "no adequate remedy at law" for her injuries.  (FAC ¶¶ 48, 83, 96, 115).  The Court determines that this is a conclusory allegation, that "is not sufficiently supported by pleaded facts to demonstrate Plaintiff lacks an adequate remedy at law" and in fact,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-00952-MWF (DFMx) | Date:  May 14, 2024 |
| Title: Jennifer Endres v. Newell Brands, Inc. et al. | |

does the opposite by seeking both monetary damages and restitution for the same alleged conduct without alleging how the monetary damages would not fully compensate her loss. *Rodriguez v. FCA US LLC*, No. 8:22-cv-01445-FWS (JDEx), 2023 WL 3150075, at *5 (C.D. Cal. Mar. 21, 2023). In her Opposition, Plaintiff argues that "damages would be inadequate due to the varying statutes of limitations at play." (Opposition at 21). This argument is unavailing because the Ninth Circuit explicitly "held that equitable relief must be withheld when an equivalent legal claim would have been available but for a time bar." *Guzman*, 49 F.4th at 1312. Therefore, the Court determines that it lacks equitable jurisdiction over Plaintiff's request for restitution.

Accordingly, the Court grants the Motion for Plaintiff's restitution claim, and denies the Motion for Plaintiff's claims for injunctive relief.

### B.    Unjust Enrichment Claim

Defendants argue that "there is not a standalone cause of action for unjust enrichment." (Motion at 15 (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015))). "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana*, 783 F.3d at 762 (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231, 166 Cal. Rptr. 3d 864 (2014)).

In the FAC, Plaintiff alleges that because of Defendants "wrongful acts and omissions," they were "unjustly enriched" as a result and the "law implies a contract by which Defendants are obligated to make restitution." (FAC ¶ 119–21). "This straightforward statement is sufficient to state a quasi-contract cause of action." *Astiana*, 783 F.3d at 762. Plaintiff has sufficiently alleged a misrepresentation and omission to establish that Defendants have been unjustly enriched. However, because restitution is not available, as discussed above, Plaintiff's unjust enrichment claim must also be dismissed.

Accordingly, the Motion is granted as to Plaintiff's unjust enrichment claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00952-MWF (DFMx)                Date:  May 14, 2024
Title:     Jennifer Endres v. Newell Brands, Inc. et al.

### IV.  CONCLUSION

The Motion is **GRANTED** *with leave to amend* as to Plaintiff's UCL and CLRA claims of misrepresentation based on sustainability representations because Plaintiff fails to establish that the presence of PFAS makes Defendants' sustainability claims misleading, and as to Plaintiff's restitution and unjust enrichment claims because Plaintiff fails to allege that she lacks an adequate remedy at law.

The Motion is **DENIED** as to Plaintiff's UCL and CLRA claims of misrepresentation based on wellness representations, Plaintiff's UCL and CLRA claims of omission, and Plaintiff's claims for injunctive relief.

Plaintiff may file a Second Amended Complaint ("SAC") by no later than **June 10, 2024**.  Defendants shall respond to the SAC, if filed, by no later than **July 1, 2024**.  Failure to file a SAC by that date will be construed as an intention to stand on the existing allegations; judgment on the dismissed claims will be entered as part of the final judgment.  While there may be a SAC, there will be no Third Amended Complaint.  Any future successful motion to dismiss will be granted without leave to amend.

IT IS SO ORDERED.